■    In the Matter of the Claim of ETTIE WOLF, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Claimant appeals from a decision of the Unemployment Insurance Appeal Board denying benefits on the ground that she voluntarily left her employment without good cause. The factual issue as to whether the claimant "walked off the job" or was fired as the result of her alleged tardiness was resolved by the board by the acceptance of the "employer's version". A reading of the record affords substantial evidence to sustain the decision. The court, under the circumstances, is limited in its review as questions of fact and credibility are within the sole fact-finding province of the board. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■    In the Matter of the Claim of OLGA G. IMPERATI, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board holding that she was disqualified from receiving benefits because of voluntary leaving of employment without good cause (Labor Law, § 593, subd. 1), that her benefits were to be forfeited for 24 effective days because of a willful misrepresentation to obtain benefits (Labor Law, § 594) and that she was overpaid the sum of $50, which was ruled recoverable. The question of "good cause" is factual, and thus if the board's determination is supported by substantial evidence, it must be upheld (Labor Law, § 623; e.g., *Matter of Sperling [Catherwood]*, 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481). Here the board could properly find that claimant provoked her discharge by taking, after due warning, an excessive vacation to travel to Europe in disregard of the employer's rules and that, therefore, her separation from employment was not for good cause. The board was not compelled to accept claimant's contention that she took the vacation for health reasons (*Matter of Fusfeld [Catherwood]*, 19 A D 2d 678). Similarly the board could find that when claimant indicated that she lost her last employment because it was "temporary", she made a willfully false statement to obtain benefits (*Matter of Vick [Catherwood]*, 12 A D 2d 120). Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR FONSECA, Appellant.— MEMORANDUM BY THE COURT. The denial, without a hearing, of defendant's application in the nature of a writ of error *coram nobis* was proper in respect of each of the grounds asserted. (See *People v. Griffin*, 16 N Y 2d 508; *People v. Tomaselli*, 7 N Y 2d 350, 354; *People ex rel. Hirschberg v. Close*, 1 N Y 2d 258.) Order affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.